```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/11/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEGUNDO JOSE BERREZUETA,

                              Petitioner,

                    -against-

THOMAS DECKER, in his official capacity as Director of
the New York Filed Office of U.S. Immigration & Customs
Enforcement, and CHAD WOLF, in his official capacity as
Acting Secretary,

                              Respondents.

1:20-cv-10688-MKV

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

On December 18, 2020, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 with an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. [*See* ECF Nos. 1–5.] That same day, the Court entered an Order to Show Cause directing Petitioner to serve on Respondents the Petition and Emergency Motion, ordering a response from Respondents, and scheduling a hearing on the Emergency Motion. [ECF No. 7.]

On December 28, 2020, Respondents, having received notice from U.S. Immigration and Customs Enforcement that Petitioner would be released from custody on December 29, 2020, filed a letter on consent of Petitioner requesting that the Court adjourn the briefing deadlines and the hearing *sine die*. [ECF No. 12.] That same day, the Court entered an Order granting the requested adjournment and directing the parties to file a joint status letter on or before January 8, 2021. [ECF No. 13.] On December 29, 2020, Respondents filed a letter advising the Court that Petitioner had in fact been released on an Order of Supervision. [ECF No. 14.]

On January 8, 2021, the parties submitted a joint status letter advising the Court that this matter should be dismissed without prejudice. [ECF No. 15.] The parties disagree over Petitioner's right to renew his Petition in the event he is re-detained.

1

"A court has jurisdiction over a habeas corpus petition if the petitioner is 'in custody under or by color of the authority of the United States.'" *Yafaee v. Holder*, No. 09 Civ. 7946(JCF), 2010 WL 451030, at *2 (S.D.N.Y. Jan. 29, 2010) (quoting 28 U.S.C. § 2241(c)(1)).   Release from custody generally renders a habeas petition moot:

> where, as here, an alien filed a habeas petition under 28 U.S.C. § 2241 challenging the lawfulness of his or her custody in detention pending removal, and the alien is subsequently released by DHS pursuant to an order of supervision, the petition is rendered moot because the alien is no longer "in custody" and the petition no longer presents a live "case or controversy" under Article III, § 2 of the U.S. Constitution for purposes of federal subject matter jurisdiction.

*Hubacek v. Holder*, No. 13-CV-1085C, 2014 WL 1096949, at *1 (W.D.N.Y. Mar. 19, 2014) (citing *Emeni v. Holder*, No. 6:13-CV-6404 (MAT), 2014 WL 347799, at *3 (W.D.N.Y. Jan. 31, 2014); and *Masoud v. Filip*, No. 08-CV-6345-CJS-VEB, 2009 WL 223006, at *5 (W.D.N.Y. Jan. 27, 2009)); *see also Denis v. DHS/ICE of Buffalo*, 634 F. Supp. 2d 338, 341 (W.D.N.Y. 2009) ("[W]here an alien challenging his detention under 28 U.S.C. § 2241 is released during the pendency of his petition under an order of supervision, the petition is rendered moot." (collecting cases)); *Johnson v. Reno*, 143 F. Supp. 2d 389, 391 (S.D.N.Y. 2001) ("A habeas corpus petition seeking release from (INS) custody is moot when the petitioner is no longer in (INS) custody." (citing *Ramirez v. INS*, 86 F. Supp. 2d 301 (S.D.N.Y. 2000))).   To avoid dismissal on mootness grounds, "a released [habeas] petitioner must demonstrate 'collateral consequences [of the detention] adequate to meet Article III's injury-in-fact requirement.'" *Jangmo v. Barr*, No. 20-CV-256 (JLS), 2020 WL 1891762, at *2–3 (W.D.N.Y. Apr. 16, 2020) (second alteration in original) (quoting *Spencer v. Kemna*, 523 U.S. 1, 14 (1998)).

Here, Petitioner's release from custody renders the Petition for Writ of Habeas Corpus moot.   *See id.* (dismissing habeas petition as moot where petitioner who requested immediate

release or a bond hearing was released pursuant to an order of supervision); *Chocho v. Shanahan*, 308 F. Supp. 3d 772, 774–75 (S.D.N.Y. 2018) (same); *Yafaee*, 2010 WL 451030, at *2–3 (same). Petitioner has not identified any collateral consequences—and the Court is aware of none—that create a live case or controversy. *See, e.g.*, *Depina v. Shanahan*, No. 11 Civ. 1867(PKC), 2011 WL 3586440, at *2–3 (S.D.N.Y. Aug. 2, 2011) (dismissing habeas petition as moot where released petitioner "ha[d] not made any attempt to demonstrate that he suffered any collateral consequences that could cause continued injury due to his now-terminated detention" (citing *Baptiste v. I.N.S.*, No. 06 Civ. 0615, 2006 WL 3050884, at *2 (E.D.N.Y. Oct. 23, 2006))).  "The fact that [Petitioner] was released subject to an Order of Supervision imposing some restrictions on h[im] does not create a live case or controversy, nor does the fact that []he might be returned to custody in the future." *Jangmo*, 2020 WL 1891762, at *2 (citing *Sokolov v. Holder*, No. 13 Civ. 0947 (PAE), 2013 WL 12377011, at *3–4 (S.D.N.Y. Aug. 13, 2013)).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed as moot without prejudice to Petitioner's ability to seek habeas relief from the appropriate court should he be re-detained.  The Clerk of Court is respectfully requested to terminate docket entry number 3 and close the case.

**SO ORDERED.**

Date:  **January 11, 2021**
    **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**